IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACE WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-02468-M-BT |
| | § | |
| VILLA PIANA CORPORATION and | § | |
| RICHDALE MANAGEMENT INC. | § | |
| | § | |
| Defendants. | § | |

# **MEMORANDUM ORDER**

Before the Court in this removed *pro se* civil rights action is Plaintiff Trace Willis's Motion for Rule 11 Sanctions against Counsel for Defendants (ECF No. 5). By her Motion, Plaintiff complains generally that defense counsel improperly represented in the Notice of Removal that Plaintiff did not demand a jury trial. Mot. 1. For the reasons stated, the Motion is DENIED.

Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party or an attorney who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the cost of litigation. Fed. R. Civ. P. 11(b), (c). "The central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990) *superseded by statute on other grounds*. And to "spare innocent parties and overburdened courts from the filing of frivolous lawsuits." *Cappa Fund III, L.L.C.*

1

v. Actherm Holding, A.S.*, 2011 WL 817384, at *2 (N.D. Tex. Feb. 21, 2011), *rec. adopted*, 2011 WL 816861 (N.D. Tex. Mar. 9, 2011). "However, [Rule 11] sanctions are normally reserved for the rare and exceptional case where the action is *clearly* frivolous, legally unreasonable, or without legal foundation or brought for an improper purpose. It is an extraordinary remedy, one to be exercised with extreme caution." *Laughlin v. Perot*, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (internal footnotes and quotations omitted).

Moreover, under Rule 11's safe-harbor provision, the party seeking sanctions must first serve the persons being accused of sanctionable conduct with the motion, and, if after 21 days have passed the accused person has not withdrawn or corrected the offending document, the motion may be filed with the court. Fed. R. Civ. P. 11(c)(2). In other words, Rule 11 requires the movant to first serve a copy of the actual Rule 11 motion for sanctions on the persons accused of sanctionable conduct at least 21 days prior to the filing of that motion. *Castro & Co., L.L.C. v. Diamond Offshore Servs., Ltd.*, 2018 WL 6069973, at *9 (N.D. Tex. Oct. 29, 2018), *rec. adopted*, 2018 WL 6068977 (N.D. Tex. Nov. 20, 2018).

As a threshold matter, Plaintiff's motion for sanctions is improper because she failed to comply with Rule 11's safe-harbor and give defense counsel the required 21-day opportunity to withdraw or correct the allegedly improper filing. Defendants filed the Notice of Removal on November 3, 2022. Plaintiff filed and served her sanctions motion on November 14—only 11 days later. *See* Mot. 3 (Certificate of Service). Therefore, Plaintiff did not give defense counsel twenty-

2

one days to correct the Notice of Removal before filing her motion with the court. For that reason alone, Plaintiff's Motion must fail. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (finding sanctions under Rule 11 inappropriate because the party seeking sanctions did not comply with the procedural "safe harbor" requirement of serving the motion before filing it); *see also Tompkins v. Cyr*, 995 F. Supp. 689, 693 (N.D. Tex. January 7, 1998) (refusing to impose Rule 11 sanctions because the parties seeking sanctions did not comply with the "safe harbor" requirement; rather the certificates of service showed that the motions were served on opposing counsel either the day they were filed or shortly before), *aff'd in part and rev'd in part on other grounds*, 202 F.3d 770 (5th Cir. 2000).

Moreover, Rule 11 sanctions are not warranted based on the record in this case. Defendants' Notice of Removal, civil cover sheet, and supplemental cover sheet stated that Plaintiff did not make a jury demand. However, Defendants included Plaintiff's jury demand in the exhibits attached to the Notice of Removal. *See* Notice of Removal; Resp. to Mot. 3. Defense counsel admits this contradiction was a mistake, Resp. to Mot. 3. (ECF No. 9), and has since filed an Amended Notice of Removal correctly indicating that Plaintiff demanded a jury trial in her original complaint. *See* Am. Notice of Removal. (ECF No. 7). This error did not result in any delay, prejudice, or harm to Plaintiff and appears to have been an unintentional error. Defense counsel's mistake does not merit the imposition of sanctions.

For the foregoing reasons, Plaintiff's Motion for Rule 11 Sanctions is DENIED.

**SO ORDERED.**

November 29, 2022

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE