IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRACE WILLIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:22-cv-02468-M-BT |
| § | |
| VILLA PIANA CORPORATION and § | |
| RICHDALE MANAGEMENT INC., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendants Texas SFI Partnership 55 Ltd. d/b/a Villa Piana Apartments[1] and Richdale Management, Inc. removed this landlord-tenant dispute from the Justice Court in Dallas County, Texas, and filed a Motion to Dismiss Plaintiff's original petition (ECF No. 23). In response, *pro se* Plaintiff Trace Willis filed an Amended Complaint for Damages. Defendants then filed the pending Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 30). For the following reasons, the Court should find that Defendants' first Motion to Dismiss is moot and grant Defendants' second Motion to Dismiss because Plaintiff has failed to state a claim upon which relief may be granted.

---

[1] Defendants aver that Plaintiff improperly named Texas SFI Partnership 55 Ltd. as "Villa Piana Corporation" in her pleadings. *See* Not. Removal 1 (ECF No. 1); *see also id*. Ex. A (Defs.' Ans. 1) (ECF No. 1-2); First Mot. 1 (ECF No. 23); Second Mot. 1 (ECF No. 30).

1

## Background

In her live pleading, Plaintiff alleges she is a "60 year old African American/Choctaw divorced woman living alone diagnosed with a mental disability PTSD and [a] hearing impairment." Am. Compl. ¶ 2 (ECF No. 27). She claims Defendants engaged in "illegal eviction activities" when they attempted to exclude her from the Villa Piana Apartments in Dallas, beginning September 2, 2022. *Id.* More specifically, Plaintiff alleges that Defendants wrongfully rescinded their agreement to extend her lease beyond November 2022 and demanded that she immediately remove her "Service Animals" from her apartment based on a report that one of her two chihuahuas bit another resident. *Id.* ¶¶ 4-5. Plaintiff complains that "[n]o evidentiary proof or any full investigation involving Plaintiff was ever conducted [and] Defendants negligently just relied on hearsay and never . . . asked Plaintiff's version of any such event." *Id.* ¶ 5.

She asserts claims against Defendants for (i) violations of the Fair Housing Act (FHA), *id.* ¶¶ 7-13, (ii) violations of the Americans with Disabilities Act (ADA), *id.* ¶¶ 14-20, and (iii) general negligence, *id.* ¶¶ 21-31. She also references the Texas Deceptive Trade Practices Act (DTPA) and Title II of the Civil Rights Act of 1964. *Id.* ¶ 1.

Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint, asking the Court to dismiss all of Plaintiff's claims with prejudice. Succinctly stated, Defendants contend that Plaintiff fails to state any claim upon which relief can be granted. Plaintiff failed to file a response. Therefore, the Court considers the

motion without the benefit of a response. *See Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) ("Rule 12 does not by its terms require an opposition; failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint.").

**Legal Standards and Analysis**

Defendants' Motion to Dismiss Plaintiff's Original Petition

Plaintiff timely filed her Amended Complaint within 21 days of Defendants' first Motion to Dismiss. Fed. R. Civ. P. 15(a)(1)(B) (permitting a plaintiff to file an amended complaint within 21 days of a motion to dismiss under Rule 12(b)). And because the new pleading does not refer to, adopt, or incorporate by reference the earlier pleading, her Amended Complaint superseded her original state-court petition and rendered it of no legal effect. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Therefore, the Court should deny as moot Defendants' first Motion to Dismiss (ECF No. 23), which is directed to Plaintiff's superseded state-court petition. *Garza-Selcer v. 1600 Pac. Subtenant, LLC*, 2016 WL 11474103, at *2 (N.D. Tex. Aug. 30, 2016) ("When a motion to dismiss is filed against a superseded complaint, courts ordinarily deny the motion as moot.").

Defendants' Motion to Dismiss Plaintiff's Amended Complaint

Defendants—who filed an answer in state court prior to removal—move to dismiss Plaintiff's Amended Complaint under Rules 8 and 12(c) of the Federal Rules of Civil Procedure.

3

A motion under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (internal citations omitted). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion [for judgment on the pleadings] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings,* 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)*); see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.,* 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion, the court cannot look beyond the pleadings." (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999))), *aff'd,* 824 F. App'x 210 (5th Cir. 2020). "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Id.* (internal quotation omitted).

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205

4

(5th Cir. 2007) (internal quotation marks omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey*, 197 F.3d at 774. To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.*

The court "must construe the pleadings of pro se litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Perez v. United States*, 312

F.3d 191, 194–95 (5th Cir. 2002) (per curiam)), "to prevent the loss of rights due to inartful expression." *Marshall v. Eadison*, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam)). But "such a liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) (Boyle, J.) (footnote omitted).

    A. *Plaintiff fails to allege sufficient facts to state a claim under the DTPA or the Civil Rights Act.*

Plaintiff states in the first paragraph of her Amended Complaint that "[t]his action involves discriminatory acts and violations of the Texas Deceptive Trade Practices Act, . . . [and] Title II of the Civil Rights Act of 1964, . . . ." Am. Compl. ¶ 1. But this is the only reference to the DTPA or the Civil Rights Act in Plaintiff's Amended Complaint, and she fails to plead any factual content whatsoever that would allow the Court to draw a reasonable inference that Defendants violated either statute. Therefore, the Court should dismiss her claims under the DTPA and Title II of the Civil Rights Act for failure to state a claim.

    B. *Plaintiff fails to state a claim for race discrimination under the FHA.*

Under the FHA, it is unlawful to "make unavailable or deny, a dwelling to any person because of race." 42 U.S.C. § 3604(a). It is also unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race." 42 U.S.C. § 3604(b). "Courts have consistently given

an expansive interpretation to the Fair Housing Act; to state a claim under the Act, it is enough to show that race was a consideration and played some role in a real estate transaction." *Jim Sowell Const. Co. v. City of Coppell*, 61 F. Supp. 2d 542, 545 (N.D. Tex. 1999) (Fitzwater, J.) (quoting *Hanson v. Veterans Admin.*, 800 F.2d 1381, 1386 (5th Cir. 1986)).

Here, Plaintiff alleges that she is an "African American/Choctaw" woman. Am. Compl. ¶ 2. But she does not allege race was a factor in Defendants' decision to rescind their agreement to extend her lease beyond November 2022 or to demand that she remove her dogs from her apartment. Indeed, she fails to allege any other facts—let alone sufficient facts—from which the Court could reasonably infer she was denied an apartment or was discriminated against on the basis of her race. Therefore, Plaintiff has failed to state a claim of racial discrimination under the FHA, and the Court should dismiss her claim accordingly.

C. *Plaintiff fails to state a claim for disability discrimination under the FHA.*

It is also unlawful under the FHA to discriminate against a buyer or renter of a dwelling "because of a handicap." 42 U.S.C. § 3604(f). The FHA defines handicap as "(1) a physical or mental impairment which substantially limits one or more of [a] person's major life activities, (2) a record of having such impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h). Major life activities are defined as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 24 C.F.R. § 100.201(b).

In her Amended Complaint, Plaintiff alleges that she is "a person with diagnosed disabilities—a known mental disorder PTSD and [a] hearing impairment." Am. Compl. ¶ 8. And that "as an American with disabilities, [she] is within a class of persons protected by [the] FHA." *Id.* ¶ 9. However, these conclusory statements are insufficient to plead that she suffers from a disability that qualifies as a "handicap" under the FHA. *See Miles v. Hous. Auth. Texarkana,* 2016 WL 47927, at *1 (E.D. Tex. Jan. 5, 2016) (holding that the plaintiff failed to establish she was disabled under the FHA when she alleged she had mental, emotional, and psychological disorders that pose "great obstacles in her life and which affect her moods and her ability to comprehend")*, aff'd sub nom. Miles v. Hous. Auth. of Texarkana*, 667 F. App'x 450 (5th Cir. 2016); *see also Houston v. DTN Operating Co., LLC*, 2017 WL 4653246, at *3 (E.D. Tex. Oct. 17, 2017) (allegation that plaintiff has a disability and it is medically necessary for her to have a service dog is not sufficient to allege a handicap under the FHA). Plaintiff does not allege any specific facts to support an inference that her alleged impairments substantially limit one or more of her major life activities. And the mere allegation that she has been diagnosed with a mental disorder or a hearing impairment is not sufficient to show she is "handicapped" for purposes of the statute.

Plaintiff also fails to allege specific facts showing that Defendants discriminated against her *because of* her alleged disability. She does not claim that Defendants treated her differently from non-disabled tenants or that they refused

to provide her any specific reasonable accommodation that was necessary for her to use her apartment.

Plaintiff has thus failed to state a claim of disability discrimination under the FHA, and the Court should dismiss her claim accordingly.

D. *Plaintiff's ADA claim fails as a matter of law.*

Plaintiff alleges that Defendants violated the ADA, § 12101. *See* Am. Compl. ¶ 15. Section 12101 sets forth the congressional findings and purpose of the statue; it is not an enforcement provision. 42 U.S.C § 12101(b)(1) ("It is the purpose of this chapter . . . to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities[.]"). Plaintiff has thus failed to state a claim under § 12101.

Plaintiff also fails to state a claim under the anti-discrimination provision of the ADA. Specifically, Section 12182(a) provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). To plead a claim for discrimination under this provision, Plaintiff must allege that "(1) she is disabled within the meaning of the ADA; (2) Defendants own, lease, or operate a place of public accommodation; and (3) Defendants discriminated against Plaintiff within the meaning of the ADA". *Burrell v. Akinola*, 2016 WL 3523781, at *2 (N.D. Tex. June 27, 2016) (Boyle, J.) (quoting *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008)*)*.

9

Here, Plaintiff's claim fails as a matter of law because the Villa Piana Apartments is not a public accommodation under the ADA. Although the terms under the ADA "should be construed liberally" to afford people with disabilities "equal access" to the wide variety of establishments available to the nondisabled, *Parada v. Sandhill Shores Prop. Owners Ass'n, Inc.*, 604 F. Supp. 3d 567, 585 (S.D. Tex. 2022), privately owned residential facilities—such as apartments—are not considered "public accommodations" under the ADA. *No Barriers, Inc. v. BRH Texas GP, L.L.C.,* 2001 WL 896924, at *3 (N.D. Tex. Aug. 2, 2001) ("[ADA] does not apply to strictly residential facilities[.]"); *see also Williams v. Ladera Apartments*, 2021 WL 1691613, at *12 (E.D. Tex. Apr. 29, 2021) ("[F]ederal district courts have repeatedly found apartment complexes are not places of public accommodation."); *Felknor v. Tallow Wood Apartments*, 2009 WL 3230607, at *2 (W.D. La. Sept. 28, 2009) (citing cases). To the extent Plaintiff asserts a discrimination claim under the ADA, the Court should dismiss it.

E.  *Plaintiff fails to state a claim for negligence.*

Under Texas law, "[t]he common law doctrine of negligence consists of three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 178 (5th Cir. 2018) (quoting *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). Whether a duty exists "is a question of law for the court to decide from the facts surrounding the occurrence in question." *Id.* (quoting *Greater Hous. Transp. Co.*, 801 S.W.2d at 525).

> Plaintiff alleges that:
>
> As owners, operators and managers of the Villa Piana, Defendants owed Plaintiff a non-delegable duty to exercise reasonable care in the ownership, management and control of the Villa Piana and its employees. Defendants had a legal duty to fully investigate, protect, and keep Plaintiff informed with reasonable, accurate and valid information as opposed to accepting hearsay and Posting a 3 page Notice on Plaintiff's door.

Am. Compl. ¶¶ 22, 23. Defendants construe these allegations as a claim that they failed to comply with their duty as landlords under the lease agreement "to exercise reasonable care in the ownership, management and control of the Villa Piana." *Id.*

But Texas law does not recognize a cause of action for "negligent performance of a contract." *Coachmen Indus., Inc. v. Willis of Illinois, Inc.*, 565 F. Supp. 2d 755, 771 (S.D. Tex. 2008) (quoting *Entergy Gulf States, Inc. v. Akrotex, Inc.*, 40 S.W.3d 201, 203 (Tex. App.–Beaumont 2001, no pet.)). "[W]here parties to a lawsuit have contractual obligations to one another, the Texas Supreme Court has established a two-part test to determine whether a plaintiff may assert a tort claim alongside a breach of contract claim." *Coates v. EC & R Dev., L.L.C.*, 2014 WL 5517805, at *10 (W.D. Tex. Oct. 31, 2014) (quoting *Coachmen*, 565 F. Supp.2d at 771).

A court must first look to whether the defendant's conduct "would give rise to liability independent of the fact that a contract exists between the parties." *Coachmen*, 565 F. Supp. 2d at 772 (quoting *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)). "If the action depends entirely on pleading and proving the contract in order to establish a duty, the action remains one for breach

of contract only, regardless of how it is framed by the pleadings." *Id.* (quoting *OXY USA, Inc. v. Cook*, 127 S.W.3d 16, 20 (Tex. App.–Tyler 2003, pet. denied)). The court then looks to the nature of injury. *Id.* (citing *DeLanney*, 809 S.W.2d at 495). "When the injury is only the economic loss to the subject of a contract itself[,] the action sounds in contract alone." *Id.* (quoting *DeLanney*, 809 S.W.2d at 495). "Thus, 'in order for a tort duty to arise out of a contractual duty . . . the liability must arise "independent of the fact that a contract exists between the parties"; the defendant must breach a duty imposed by law rather than by contract.'" *Id.* (quoting *Wilcox v. Am. Home Assurance Co.*, 900 F. Supp. 850, 863 (S.D. Tex. 1995)).

Here, Plaintiff has not identified any basis for Defendants' alleged duty. Indeed, the sole basis of Defendants' alleged duty to Plaintiff arises under the parties' lease agreement. Any claim Plaintiff might bring against Defendants for breach of that duty thus sounds in contract, and the Court must dismiss Plaintiff's negligence claim.

**Leave to Amend**

When a court dismisses a plaintiff's claims under Rule 12(b)(6), it generally should give the plaintiff at least one opportunity to amend the complaint. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). However, "[t]he court may deny leave to amend . . . if the defects are incurable or the plaintiffs have already alleged their best case." *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co. v. Morgan*

*Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (Fitzwater, J.); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). And when a plaintiff does not file a response to a Rule 12(b)(6) motion or request leave to amend, the court may deny the plaintiff leave to amend because the plaintiff has already pleaded his or her best case. *Lee v. BONY*, 2013 WL 4603584, at *4 (N.D. Tex. Aug. 9, 2013) (citation omitted) ("[S]ince Plaintiff did not file a response to the Motion to Dismiss or request to amend his pleadings, the Court finds that Plaintiff pled his best case and providing leave to amend would be futile and unnecessary."), *adopted by* 2013 WL 4623608 (N.D. Tex. Aug. 29, 2013); *see also Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012) (concluding that plaintiffs "have pled their best case and granting leave to amend would be futile and cause needless delay" where plaintiffs did not file a response to motion to dismiss or request to amend pleadings).

Plaintiff has already amended her complaint once. And, she did not file a response to Defendants' Motion to Dismiss her Amended Complaint or request leave to further amend her pleadings. Under the circumstances, the Court should conclude Plaintiff has already pleaded her best case and that granting leave to amend would be futile. *See Lee*, 2013 WL 4603584, at *4; *Cruz*, 2012 WL 1836095, at *7.

## Recommendation

The Court should deny as MOOT Defendants' first Motion to Dismiss (ECF No. 23), GRANT Defendants' second Motion to Dismiss (ECF No. 30), and DISMISS Plaintiff's Amended Complaint without leave to amend.

**SO RECOMMENDED.**

August 28, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).